# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2020 CA 0099

## EDDIE J. ARMANT

## VERSUS

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: **NOV 1 2 2020**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. C671289

The Honorable Wilson Fields, Judge Presiding

* * * * *

Eddie J. Armant
St. Gabriel, Louisiana

Plaintiff/Appellant,
In Proper Person


Elizabeth B. Desselle
Baton Rouge, Louisiana

Counsel for Defendant/Appellee,
Louisiana Department of Public
Safety and Corrections

* * * * *

BEFORE: HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.

**WOLFE, J.**

Eddie J. Armant, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals the district court's judgment that affirmed DPSC's final decision in an administrative remedy procedure (ARP) and dismissed his petition for judicial review of that decision. We affirm.

Armant was convicted of attempted second degree murder and sentenced to forty years imprisonment at hard labor. **State v. Armant**, 97-1256 (La. App. 5th Cir. 5/27/98), 719 So.2d 510, 511, writs denied, 98-1884 (La. 11/20/98), 729 So.2d 3; 98-1909 (La. 11/20/98), 729 So.2d 4; 01-1042 (La. 1/4/02), 805 So.2d 1184. He was released on good time parole on June 22, 2015, and his parole was revoked on June 9, 2016.[1] Armant is now incarcerated, serving the balance of his sentence, with a calculated full-term release date of May 5, 2036.

After his parole was revoked, Armant filed ARP No. EHCC 2017-687, challenging DPSC's 2005 calculation of his parole eligibility date. DPSC denied relief and Armant filed a petition for judicial review in the district court. He argued that in 2005, DPSC illegally resentenced him by adjusting his parole eligibility date from 2009 to 2016, in violation of his constitutional rights, and that he is now being falsely imprisoned. DPSC answered the petition, denying the allegations and averring that Armant's good time supervision date was correctly calculated and that he has received all credits to which he is legally entitled.

The district court affirmed DPSC's decision for reasons set forth in the commissioner's report. Therein, the commissioner outlined the procedural history, observing that after revocation Armant is required to serve the balance of his sentence and that DPSC correctly calculated Armant's full-term release date. The

---

[1]     Armant sought review of his parole revocation, alleging the Louisiana State Parole Board failed to act in accordance with La. R.S. 15:574.9; however, his petition for judicial review was dismissed for failure to state a right or cause of action. See **Armant v. Louisiana Parole Board**, 17-1575 (La. App. 1st Cir. 11/6/18), 2018 WL 5816963.

commissioner further noted that any complaint about his parole revocation is now perempted under La. R.S. 15:574.11D.[2] Armant now appeals.

Having thoroughly reviewed the record in accordance with La. R.S. 15:1177A,[3] we find no error in the district court's judgment. The commissioner correctly pointed out that since Armant's parole was revoked, he is now required to serve the balance of his sentence. See La. R.S. 15:571.5C. Any claims that his parole eligibility date was miscalculated before his release are moot.[4]

For the foregoing reasons, the district court's judgment is affirmed. This memorandum opinion is issued in accordance with Uniform Rules – Courts of Appeal, Rule 2-16.1B. Costs of this appeal are assessed to Eddie J. Armant.

**AFFIRMED.**

---

[2] Armant filed a traversal to the commissioner's report reiterating his argument that he is being falsely imprisoned as a result of DPSC's 2005 illegal recalculation of his parole eligibility date.

[3] Pursuant to La. R.S. 15:1177A(9), a reviewing court may reverse or modify an administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

[4] When good time parole is revoked and the inmate is required to serve the balance of his sentence, he is not entitled to any credit given for "time on the street." See **McRae v. State, Dep't of Pub. Safety & Corr. Div. of Parole Custodian/Warden**, 2008-2328 (La. App. 1st Cir. 6/19/09), 2009 WL 1717364, ** 1-2. Therefore, if Armant had been released earlier on good time parole as he contends he should have been, that time would now be included in calculating the sentence he is required to serve.